AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **22-CI-00065**
Court: **CIRCUIT**
County: **SHELBY**

*Plantiff,* **COCHRAN, SARAH ANN VS. THE LINCOLN NATIONAL LIFE INSURANCE C**, *Defendant*

TO: **CORPORATION SERVICE COMPNAY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is THE LINCOLN NATIONAL LIFE INSURANCE CO

The Commonwealth of Kentucky to Defendant:
**THE LINCOLN NATIONAL LIFE INSURANCE CO**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Wendy Graney
Shelby Circuit Clerk
Date: **2/15/2022**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________

☐ Not Served because: ______________________

Date: ______________, 20______ ______________________
Served By

______________________
Title

EXHIBIT
A

COMMONWEALTH OF KENTUCKY
SHELBY CIRCUIT COURT
CIVIL ACTION NO. ______________
*Electronically Filed*

SARAH ANN COCHRAN PLAINTIFF

vs. **COMPLAINT**

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY DEFENDANT

**Serve:**
Corporation Service Company
421 West Main Street
Frankfort, KY 40601

** ** ** ** ** ** ** ** ** **

Comes the Plaintiff, by counsel, and for her Complaint against Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant"), hereby states as follows:

1. This is an action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*
2. Plaintiff Sarah Ann Cochran ("Plaintiff") is a citizen and resident of Shelby County, Kentucky.
3. Decedent Dennis Cochran ("Decedent") was Plaintiff's spouse, and died on or about July 16, 2018; prior to his death, Decedent was a citizen and resident of Shelby County, Kentucky.
4. Defendant is an insurance company domiciled in the state of Indiana, where it is a citizen and resident, and it is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority. Defendant's service of process agent is Corporation Service Company, 421 West Main Street, Frankfort, KY 40601, and Defendant may be served through said service of process agent.

5. Jurisdiction and venue are proper in this Court because Defendant transacted business and entered into the plan at issue, a contract (which covered employee(s) in Shelby County), and Defendant caused damages in the Commonwealth of Kentucky, and Decedent was employed with Odle Management Group, LLC ("Odle"), and was caused harm, in Shelby County, Kentucky, and which is also the county where Decedent resided and where Plaintiff resides.

**Factual Background**

6. Plaintiff incorporates by reference each and every allegation set forth in the previous paragraphs as if set forth fully herein.
7. Defendant provided a benefit plan to Odle employees, including Decedent, which benefit plan included life insurance.
8. While employed at Odle, Decedent became covered under a policy of basic group life insurance, and also elected to purchase coverage under a voluntary life insurance policy. The coverage amounts are, according to Lincoln, $40,000 and $10,000.
9. The subject life insurance policy numbers are 000400001000-18459 and 000010192374-00000 (collectively the "Policies"). Decedent was covered, and an insured, under the Policies and the plan at all times relevant herein. The Policies comprises part of an employee benefit plan under ERISA.
10. Plaintiff is Decedent's beneficiary under the Policies.
11. The Policies entitle Plaintiff to receive life insurance benefits in the event of Decedent's death.
12. Decedent, while employed with Odle, became totally disabled; his last day of work was on or about November 10, 2015. His disabling conditions included, but were not limited to: back pain, prior attempted fusion surgery at L4-5 and L5-S1, umbilical hernia with related


Filed 22-CI-00065 02/15/2022 Wendy Graney, Shelby Circuit Clerk

complications, left shoulder problems, right knee pain and meniscal tear, and severe vascular disease (Decedent ultimately had an aortic aneurysm and died as a result of the chronic diastolic heart failure associated with the bleed).

13. While employed with Odle, Decedent timely and properly made all required premium payments under the Policies.

14. Under the Policies, premiums are to be waived if the employee becomes totally disabled.

15. Decedent became totally disabled under the terms of the Policies prior to ceasing work with Odle, and Lincoln therefore was required to waive all premiums and keep Decedent's life insurance in effect under the Policies even after he stopped working with Odle.

16. Decedent applied for, and was posthumously awarded, Social Security disability benefits ("SSDI").

17. Lincoln approved, posthumously, claims for short-term disability ("STD") and long-term disability ("LTD") for Decedent under the group benefits plans, and made payments to Plaintiff under those claims due to Decedent's disability.

18. Lincoln has responsibility for payment of any life insurance benefits due under the Policies.

19. Plaintiff timely and properly submitted a life insurance claim to Lincoln, consistent with the terms of the Policies, following Decedent's death, and submitted all documentation necessary for Lincoln to pay the claim. The pertinent claim number is 1012921-1254210.

20. Lincoln denied the claim by letter dated June 30, 2021, finding that Decedent did not meet the standard of "total disability" to qualify for waiver of premiums under the Policies.

21. Plaintiff timely and properly appealed the denial of the life insurance benefits, in the manner set forth in the Policies.

22. By letter dated February 11, 2022, Lincoln upheld its denial of Plaintiff's claim for life insurance benefits under the Policies, and stated that no further appeals would be considered.

**Count I – Life Insurance Benefits**

23. Plaintiff incorporates by reference each and every allegation set forth in the previous paragraphs as if set forth fully herein.

24. To date, Lincoln has improperly refused to remit payment of the due life insurance benefits due to Plaintiff as a result of Decedent's death; Lincoln continues to wrongfully deny Plaintiff's claim.

25. Decedent satisfied the standard of total disability under the Policies as of the time he ceased working for Odle and is and was entitled to waiver of premium benefits under the Policies, whereby all life insurance premiums should have been waived through the date of Decedent's death (as he did not cease to be disabled through his time of death), beginning on or before Decedent's last day of work with Odle.

26. Plaintiff is entitled to all life insurance benefits under the Policies due to Decedent's undisputed death, and Lincoln should be required to perform under the contract and pay all life insurance benefits under the Policies to Plaintiff.

27. Lincoln should be enjoined from ceasing waiver of premium benefits under the contract.

28. The decisions of Lincoln to deny life insurance benefits under the Policies were wrong, arbitrary and capricious, an abuse of discretion, and against the overwhelming evidence supplied by Plaintiff provided to Lincoln, particularly in light of the evidence supplied by Plaintiff during the claim, Decedent's SSDI award, and the fact that Lincoln approved Decedent's STD and LTD claims.

29. Due to Lincoln's arbitrary and capricious and wrongful decisions to deny Plaintiff's claim, and to not reinstate and/or approve Decedent's waiver of premium claim, Plaintiff is entitled to recovery of full life insurance benefits under the Policies, interest, costs and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g).

30. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief against Defendant:

1. Pursuant to ERISA, judgment against Lincoln for full life insurance benefits under the Policies and plan (including, but not limited to, all waiver of premium benefits and all due life insurance benefits), as well as attorney's fees, interest on the past-due and wrongfully withheld life insurance benefits, costs, and pre-judgment and post-judgment interest; and

2. Any and all other relief to which Plaintiff appears entitled.

Respectfully submitted,

*/s/ Bartley K. Hagerman*
PHILIP G. FAIRBANKS
BARTLEY K. HAGERMAN
**Mehr Fairbanks Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: 859-225-3731
Facsimile: 859-225-3830
Email: pgf@austinmehr.com
Email: bkh@austinmehr.com
*Counsel for Plaintiff*

Wendy Graney, Shelby Circuit Clerk
401 Main Street
Shelbyville, KY 40065-1133

USPS CERTIFIED MAIL

9236 0901 9403 8366 4864 85

Case Number: 22-CI-00065

Restricted Delivery

CORPORATION SERVICE COMPNAY
421 WEST MAIN STREET
FRANKFORT, KY 40601

## KCOJ eFiling Cover Sheet

Case Number: 22-CI-00065

Envelope Number: 4315329

Package Retrieval Number: 431532928982792@00001043560

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 13.53

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.



Generated: 2/15/2022 2:11:50 PM

Presiding Judge: HON. CHARLES R. HICKMAN (653233)

ackage : 000001 of 000010