**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**FRANKFORT**

| | | |
|---|---|---|
| **SARAH ANN COCHRAN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO. 3:22-cv-00014-GFVT** |
| **v.** | ) | |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Sarah Ann Cochran, and states as follows:

1. Lincoln admits Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln is without sufficient knowledge to either admit or deny the current residence of Plaintiff, and accordingly, denies this and all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits upon information and belief, that Plaintiff's spouse, Dennis Cochran (the "Decedent"), died on or about July 16, 2018. Lincoln is without sufficient knowledge to either admit or deny the residence of Decedent prior to his death, and accordingly, denies this and all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania and that it is licensed to engage in the business of insurance in the State

of Kentucky. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that the United States District Court for the Eastern District of Kentucky has jurisdiction over this action and that venue is correct in this Court. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln admits the Decedent was employed by Odle Management Group, LLC ("Odle"). Lincoln is without sufficient knowledge to either admit or deny the current residence Plaintiff or the residence of Decedent prior to his death, and accordingly, denies this and all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln incorporates its responses contained in Paragraphs 1 through 5 as if fully stated herein.

7. Lincoln admits that it issued Group Life Insurance Policy Numbers 000010192374-0000 and 000400001000-18459 (the "Policies") to Odle, which Policies, at certain times, insured benefits from the Odle Management Group, LLC Group Life Insurance Plan (the "Life Plan") sponsored by Odle to provide certain benefits to employees of Odle. Lincoln admits the Decedent was, at certain times, employed by Odle and was, at certain times, a participant in the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits the Decedent was, at certain times, employed by Odle and was, at certain times, a participant in the Life Plan. Lincoln admits that the Decedent's benefit amounts of the Life Plan under the Policies were $40,000.00 and $10,000.00. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that it issued the Policies to Odle, which Policies, at certain times, insured benefits from the Life Plan sponsored by Odle to provide certain benefits to employees of Odle. Lincoln admits the Decedent was, at certain times, employed by Odle and was, at certain times, a participant in the Life Plan, which is an employee benefit plan governed under ERISA. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that the Decedent had designated Plaintiff as a beneficiary of certain benefits from the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln denies the allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Decedent's last day of work at Odle was November 9, 2015. Lincoln admits that Decedent submitted a claim for benefits from the Odle Management Group, LLC Short Term disability Plan (the "STD Plan") and that certain medical treatment and complaints of Decedent are reflected in the administrative record upon which Decedent's claim for benefits from the STD Plan was evaluated by Lincoln. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits the Decedent was, at certain times, employed by Odle and was, at certain times, a participant in the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. To the extent that the allegations contained in Paragraph 14 seek to interpret the provisions of the Policies, Lincoln refers to the Policies themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. To the extent that the allegations contained in Paragraph 15 seek to interpret the provisions of the Policies, Lincoln refers to the Policies as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain documents concerning Decedent's claim for benefits from the Social Security Administration are contained in the administrative record upon which Decedent's claim for benefits from the Life Plan under the Policies was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that, for certain periods, benefits were paid from both the STD Plan and long-term disability plan sponsored by Odle under Decedent's participation in both of those plans. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that it issued the Policies to Odle, which Policies, at certain times, insured benefits from the Life Plan under the terms of the Policies. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits Plaintiff submitted a claim for benefits from the Life Plan under the Policies and that 1012921-1254210 is the correct claim number for Plaintiff's claim. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it sent a letter dated June 30, 2021, to Plaintiff and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits it received a letter appealing the denial of Plaintiff's claim for life benefits from the Life Plan under the Policies, but Lincoln refers to the letter itself as the best

evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits it sent a letter dated February 9, 2022, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

**COUNT I**

23. Lincoln incorporates its responses contained in Paragraphs 1 through 22 as if fully stated herein.

24. Lincoln admits that by this action, Plaintiff is seeking recovery of life benefits from the Life Plan under the Policies, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that by this action, Plaintiff is seeking recovery of life benefits from the Life Plan under the Policies, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies the allegations contained in Paragraph 26 of the Complaint.

27. Lincoln denies the allegations contained in Paragraph 27 of the Complaint.

28. Lincoln denies the allegations contained in Paragraph 28 of the Complaint.

29. Lincoln denies the allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits this Court has jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE Paragraph of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for life benefits from the Life Plan under the Policies arbitrary and capricious because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

4. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

5. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 16th day of March 2022.

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Kentucky, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Philip G. Fairbanks
Email: pgf@austinmehr.com

Bartley K. Hagerman
Email: bkh@austinmehr.com

March 16, 2022 — /s/ Iwana Rademaekers
Date — Iwana Rademaekers