**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**FRANKFORT**
***ELECTRONICALLY FILED***

| | | |
|---|---|---|
| **SARAH ANN COCHRAN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO. 3:22-cv-00014-GFVT** |
| **v.** | ) | |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

1. Pursuant to Rule 26(f), a meeting was held on April 26, 2022, and was attended by Bartley K. Hagerman on behalf of Plaintiff Sarah Ann Cochran ("Plaintiff") and Iwana Rademaekers on behalf of Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant"), and the Parties discussed the nature and basis of their claims and defenses, the possibility for a prompt settlement or resolution of this case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

2. With respect to Rule 26(f)(3), the parties agree that no initial disclosures are required under Rule 26(a)(1)(B), and that production of the Administrative Record and parameters for limited discovery, if any, should proceed as outlined below.

3. The above-styled action is a claim by Plaintiff for recovery of life benefits. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"). As such, trial should be unnecessary for the final disposition of this case and, in the event that the parties do not resolve the case through settlement, the parties believe the most cost-effective and prudent manner to resolve the litigation

is to submit this action to the Court on the Administrative Record and dispositive cross motions for summary judgment. Accordingly, to facilitate the submission of the case to the Court, the parties propose a scheduling order containing the deadlines suggested in Paragraph (c) below in lieu of the deadlines requested in a standard schedule.

(a) Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a), and as such the Court's review is generally limited to a review of the information available to the claim decision-maker at the time the final benefit determination was made. Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff believes discovery beyond the Administrative Record may be necessary regarding any potential issues of lack of due process or bias, and conflict of interest discovery. Plaintiff will submit concurrently a memorandum of points and authorities justifying the need for discovery, consistent with the Court's April 19, 2022 Order. The parties anticipate that discovery can be reasonably completed on or before September 22, 2022.

(b) The deadline for the Parties to amend pleadings or join parties shall be August 4, 2022.

(c) As stated above, this is an ERISA benefits case and the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in a standard schedule:

- **July 22, 2022** - Deadline for Defendant to produce Administrative Record to Plaintiff
- **September 22, 2022** - Deadline to Complete Discovery.
- **September 23, 2022** - Deadline to file Administrative Record.

- **October 21, 2022** - Deadline to file cross motions for summary judgment.
- **November 4, 2022** - Deadline to file response briefs.
- **November 18, 2022** - Deadline to file reply briefs, at which time the case will stand submitted.

(d) The parties anticipate that discovery can be reasonably completed on or before September 22.

(e) The parties will not submit witness or exhibit lists because the case will be submitted for decision via dispositive briefs on the merits. As this is an ERISA benefits case, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on the Administrative Record and briefing schedule. Accordingly, the parties propose the deadlines in paragraph (c) above in lieu of the deadlines requested in a standard schedule.

(f) The Parties do not desire a scheduling conference before entry of a scheduling order.

(g) The Parties will not consent to the referral of this case to a Magistrate Judge for all further proceedings in this case, including trial, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and L.R. 73.1.

Respectfully submitted this 26th day of April 2022.

Respectfully submitted,

By: /s/ Iwana Rademaekers (*w/permission by BKH)*
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com
ATTORNEYS FOR DEFENDANT

**AND**

By: /s/ Bartley K. Hagerman
Philip G. Fairbanks
Email: pgf@austinmehr.com
Bartley K. Hagerman
Email: bkh@austinmehr.com
MEHR, FAIRBANKS & PETERSON
Trial Lawyers, PLLC
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Court using the electronic filing system on this 26th day of April, 2022, which will send electronic notice to the following recipients:

- **Philip G. Fairbanks**
pgf@austinmehr.com,amlopsc@yahoo.com,assistant@austinmehr.com
- **Bartley K. Hagerman**
bkh@austinmehr.com,amlopsc@yahoo.com,assistant@austinmehr.com
- **Iwana Rademaekers**
iwana@rademaekerslaw.com,sandy@rademaekerslaw.com

Manual Notice List:
- None

*/s/ Bartley K. Hagerman*
BARTLEY K. HAGERMAN